**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No: 04-CR-80482-15

KIEU LY,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On July 21, 2005, the court sentenced Defendant Kieu Ly to a term of eight months pursuant to a United States Sentencing Guidelines (U.S.S.G.) 5K1.1 motion brought by the government. Now pending before the court is Defendant Ly's September 13, 2005, Motion for Reconsideration," which is in essence a motion to be re-sentenced. Defendant avers that he has only six and a half weeks left to serve. Plaintiff United States of America filed a response brief on October 4, 2005, asserting that the court is without jurisdiction to grant the requested relief. The court agrees and, for the reasons set forth below, the court will deny Defendant's motion.

**I. STANDARD**

Eastern District of Michigan Local Criminal Rule 12.1 states that "Motions in criminal cases shall be filed in accordance with the procedures set forth in LR 7.1." E.D. Mich. LCrR 12.1. Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can: (1) "demonstrate a palpable defect by which the court and the parties have been misled;"

and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Under the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order."

## II.  DISCUSSION

Defendant's motion is obviously filed far beyond the deadlines set forth in the Local Rules noted above. In addition, Defendant's brief contains no citation of law that might support the contention that a court is authorized to reconsider the imposition of sentence.

Further, the Federal Rules of Civil Procedure afford Defendant no relief. Rule 35(a) provides that [w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Beyond seven days, however, the court has jurisdiction only to amend the sentence only in conformity with Federal Rule of Criminal Procedure 36, which allows for sentences to be amended only for clerical errors. *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004) (citing Fed. R. Crim. P. 36). Defendant does not seek to

correct any clerical error but instead seeks to amend his sentence. Thus, the federal rules do not provide Defendant with an avenue of relief.

The court would have jurisdiction to consider and to grant a defendant's petition under 28 U.S.C. § 2255, but only if it concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. In *United States v. Addonizio,* 442 U.S. 178 (1979), the Supreme Court explained that in order for an error of fact or law to be "otherwise subject to collateral attack", the error must constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio,* 442 U.S. at 185 (citation omitted). The Court noted that in *United States v. Tucker*, 404 U.S. 443 (1972), it had ordered re-sentencing of a defendant whose sentence had been imposed at least in part upon "misinformation of constitutional magnitude." *Addonizio,* 442 U.S. at 187, 99 S.Ct. 2235. The Supreme Court cautioned that "there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." *Addonizio,* 442 U.S. at 187

No such argument is advanced here, and the court can find no other basis upon which to reconsider or revise Defendant's sentence.

### III.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Reconsideration [Dkt. # 165] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  October 11, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 11, 2005, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522